Home Building & Savings Association *v.* Redding.

Opinion delivered July 9, 1928.

1006

*John D. Arbuckle*, for appellant.

*Frank S. Quinn* and *Elmer L. Lincoln*, for appellee.

KIRBY, J., (after stating the facts). The Citizens' Association on its cross-appeal insists that the court erred in using the legal rate of 6 per cent. interest instead of the contract rate of 10 per cent. interest in determining the amount due it under its mortgage, and the contention must be sustained. In *Gate City B. & L. Assn.* v. *Frisby, ante,* p. 252, the court laid down the rule for determining the present value of anticipated payments in the foreclosure of a mortgage given by borrowers of building and loan associations, holding that the contract rate of interest should govern in estimating the present

value of the principal and unmatured installments, and this case is ruled by the decision therein. The decree on the cross-appeal must be reversed, and remanded with directions to determine the amount due by calculation of the present value of the principal notes and unmatured installments at the contract rate of 10 per cent. interest and for a foreclosure and sale of the property to satisfy the judgment.

Appellant insists that the court erred in refusing to grant a rescission of the contract of sale or exchange of property to the plaintiffs and also in refusing to decree a lien in appellant's favor upon the Webber Place Addition property, which was conveyed to Dewberry in the sale or trade with Redding, and upon the balance of the notes given by Redding for the purchase money.

In answer to the first contention, it will suffice to say that no appeal was taken by the Reddings from the decree refusing to grant them a rescission of the contract of exchange of the properties, and we cannot agree with appellant in its second contention that the court erred in not decreeing its claim a lien upon the Webber Place Addition property, which Dewberry received in the exchange from Mr. Redding, and upon the balance due on the purchase money notes given in such exchange.

Appellant does not allege that it paid any debt or discharged any obligation of Dewberry's, and rests its claim entirely upon the mortgage for relief, and insists upon a foreclosure thereof, and has no right to subrogation. 25 R. C. L., § 1, p. 1312. The proceeding upon appellant's part was for a foreclosure of its mortgage, and there was no allegation of any fraud perpetrated by Dewberry in procuring the loan that entitled appellant to the relief it insists upon here. *Alberson* v. *Klanke, ante,* p. 288.

There was no evidence whatever tending to show that the money procured from the appellant association by Dewberry had been used in the purchase of either of the pieces of property included in the trade or exchange, nor that any beneficial interest therein was

obtained by Dewberry through fraud practiced upon appellant company, nor, as already said, was there any allegation of any such fact, and the court did not err in refusing to fix a lien under appellant's mortgage against the property conveyed by the Reddings to Dewberry in exchange for the Witherspoon Addition property. No constructive trust, that could be enforced, arose by operation of law from this transaction in favor of appellant entitling it to subject the exchanged property to the payment of its claim under the mortgage, and the decree dismissing appellant's complaint for want of equity must be affirmed. It is so ordered.